IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAWN E. SAMPLES,

       Plaintiff,

v.

CAROLYN COLVIN,
Acting Commissioner of
Social Security,

       Defendant.

Case No. 6:13-cv-01679-AA

OPINION AND ORDER

---

Alan Stuart Graf
Alan Stuart Graf P.C.
208 Pine St.
Floyd, VA 24091
    Attorney for plaintiff

S. Amanda Marshall
Ronald K. Silver
United States Attorneys Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Jordan D. Goddard
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

1   - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Dawn Samples brings this action pursuant to the Social Security Act (Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's decision denying her disability benefits pursuant to 42 U.S.C. §§ 416 and 423. The Commissioner's decision is reversed and remanded for an award of benefits.

BACKGROUND

On November 4, 2004, plaintiff filed Title II and Title XVI applications alleging disability beginning September 1, 2002. Tr. 610. Both applications were denied initially and upon reconsideration. Id. On November 28, 2005, plaintiff appeared at her first hearing in front of Administrative Law Judge (ALJ) Gary Elliott. Tr. 628. On March 17, 2006, the ALJ issued an unfavorable decision. Tr. 610-619. Plaintiff then sought review with the Appeals Council. On July 21, 2006, the Appeals Council granted plaintiff's request for review and remanded the case to the ALJ with instructions to "obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." Tr. 628.

On January 8, 2007, plaintiff appeared at a second hearing in front of ALJ William L. Stewart, Jr. Tr. 706. On February 20, 2007, the ALJ issued an unfavorable decision. Tr. 644-653. Plaintiff sought review from the Appeals Council, and on June 11, 2007, the Appeals Council again remanded the case, noting that the RFC did not include "claimant's residual functional capacity in specific terms with appropriate references to pertinent evidence." Tr. 655. The Appeals Council directed that "the hypothetical questions should reflect the specific capacity/limitations established by the

2   - OPINION AND ORDER

record as a whole." Tr. 666.

On November 16, 2007, a third hearing was held in front of ALJ Stewart. On April 4, 2008, the ALJ issued another unfavorable decision. Tr. 2-34. On April 1, 2009, the Appeals Council denied plaintiff's request for review. Tr. 13. On June 1, 2009, plaintiff appealed the Commissioner's final decision to the United States District Court. See Samples v. Commissioner, 3:09-cv-06152-JO. The parties fully briefed the case and on May 3, 2010, the District Court affirmed the decision of the Commissioner to deny benefits. On June 30, 2010, plaintiff appealed the District Court's decision to the Ninth Circuit Court of Appeals.

On January 12, 2012, the Ninth Circuit affirmed the district court's decision in part, vacated in part, and remanded for further proceedings consistent with its memorandum opinion. Tr. 787. The Ninth Circuit found that the ALJ improperly ignored a physician's opinion that plaintiff is limited in her ability to interact with supervisors and accept criticism in the workplace.

On April 23, 2012, the Appeals Council vacated the final decision of the Commissioner "for further proceedings consistent with the order of the court." Tr. 795. The Appeals Council also affirmed the finding of a state agency that plaintiff was disabled as of January 24, 2011, for purposes of disability benefits under Title XVI. Plaintiff was deemed not eligible under Title II, as plaintiff's last date insured was June 30, 2009. Tr. 764, 795. On remand, the ALJ was instructed to "determine if [plaintiff] was disabled at any time from her alleged onset date of September 1, 2002, through her date last insured for Title II, and through January 23, 2011, for Title XVI, based on the applications for

3     - OPINION AND ORDER

Title II filed on June 17, 2004, and Title XVI filed on June 28, 2004." Tr. 795.

On November 27, 2012, a fourth hearing was held in front of ALJ Marilyn S. Mauer, and a fifth hearing on May 7, 2013. Tr. 764. On May 24, 2013, the ALJ issued a decision finding plaintiff disabled as of November 9, 2010, for purposes of Title XVI. Thus, the ALJ denied plaintiff's Title II application based on her date last insured. Tr. 764-778. Plaintiff now seeks judicial review.

Plaintiff was forty-six years old at the time of her alleged disability onset date and fifty-five years old on the day the ALJ found that her disability began. Tr. 93. She earned a General Equivalence Degree (GED) and worked in the past as a kitchen helper and a coffee maker/fast food worker. Tr. 118, 1072-1075. Plaintiff alleges disability since September 1, 2002, due to fibromyalgia, mild inflammatory arthritis, lumbar degenerative joint disease and degenerative disc disease, depression, and anxiety.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

4    - OPINION AND ORDER

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential process to determine whether a person is disabled under the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had engaged in "substantial gainful activity" since the alleged onset date of disability. However, the ALJ found it to be an unsuccessful work attempt because of its short duration and plaintiff had ultimately stopped working because of her impairments. Tr. 767.

At step two, the ALJ found that plaintiff has had the following medically severe impairments: fibromyalgia, mild inflammatory arthritis, history of right index finger PIP joint

fusion, lumbar degenerative joint disease and degenerative disc disease status post lumbar decompression surgery in 2009, depression, and anxiety. Tr. 767; 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ found that plaintiff's medically severe impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Id.; 20 C.F.R. §§ 404.1520(d), 416.920(d). Therefore, the inquiry proceeded to step four.

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work:

> She can sit, stand, and walk each 6 hours in an 8-hour workday up to a combined total of 8 hours. She needs the opportunity to change position from sitting to standing every 30 minutes without interrupting essential tasks. She can perform frequent gross handling. She can perform no forceful fine finger activities such as typing. She can occasionally climb ladders, ropes and scaffolds. She can frequently climb ramps and stairs, balance, stoop, crouch, kneel, and crawl. She cannot have public contact and can have occasional coworker contact with no teamwork assignments. She can have occasional supervisor contact in a setting with predictable work assignments and few changes, and she can understand and carry out simple instructions. Tr. 768.

Based on this RFC assessment and the testimony of the vocational expert, the ALJ found that plaintiff was not able to perform her past relevant work. Tr. 775. At step five, the ALJ found that prior to November 9, 2010, there were jobs that existed in significant numbers in the national economy that plaintiff could perform such as laundry classifier, sorter of merchandise and soft goods, and box filler of small products. Tr. 776. Therefore, the ALJ found plaintiff not disabled under the Act prior to November 9,

2010. However, the ALJ found her disabled as of November 9, 2010, when plaintiff's age category changed, rendering her eligible to receive benefits under Title XVI.

## DISCUSSION

Throughout the extensive procedural history and the lengthy duration of this case, plaintiff argues that the multiple administrative law judges in this case have not followed the directions of the higher adjudicative bodies who have ruled in this matter. Pl.'s Br. at 1. In particular, plaintiff contends that the ALJ did not follow the specific instructions given by the Ninth Circuit on remand. Id. Given the Ninth Circuit's mandate and the lengthy history in this case, plaintiff argues that payment of benefits should be ordered.

A. Ninth Circuit Directive

Plaintiff argues that the ALJ erred by not following the Ninth Circuit's specific instruction in its memorandum opinion dated January 12, 2012, and thus violated the law of the case doctrine and the broader rule of mandate. Few legal precepts are as firmly established as the doctrine that "the mandate of a higher court is controlling as to matters within its compass." Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939). It is indisputable that a lower court generally is "bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest." Id. Similarly, under the law of the case doctrine, "[t]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995)(quoting Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993)

7    - OPINION AND ORDER

(internal quotations omitted)).

Additionally, "as a general principle, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court." Ischay v. Barnhart, 383 F. Supp. 2d 1199, 1213-1214 (C.D. Cal. 2005); see F.C.C. v. Pottsville Broadcasting Co., 309 U.S. 134, 145 (1940); see also United Gas Improvement Co. v. Continental Oil Co., 381 U.S. 392, 406 (1965)(explaining that the agency must act upon the court's correction on remand); Sullivan v. Hudson, 490 U.S. 877, 886 (1989)(deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review). In other words, on remand, the ALJ must follow the specific instructions of the Ninth Circuit.

In this case, in its memorandum opinion, the Ninth Circuit ruled as follows:

> Here the ALJ erred by not including all of Sample's limitations in his assessment of her RFC. In particular, the ALJ's assessment improperly ignored Dr. Wahl's description and diagnoses of a functional limitation on Sample's ability to accept instructions from supervisors and to respond appropriately to criticism from supervisors, rendering the RFC defective. This limitation was not covered by the language in the RFC discussing Sample's general difficulty with taking criticism in the workplace. Because the RFC was defective, the hypothetical question that the ALJ posed to the vocational expert regarding Samples's ability to find work in the national economy was also defective and must be reformulated on remand to include all of Samples's limitations. Tr. 781-782. (citations omitted).

In other words, the Ninth Circuit found that plaintiff's RFC should include Dr. Wahl's limitation regarding plaintiff's ability to accept instructions and respond to criticism from supervisors.

Plaintiff argues that the ALJ misinterpreted the direction of

8   - OPINION AND ORDER

the Ninth Circuit and the Appeals Council to mean that the ALJ need only "further consider Ms. Sample's functional limitations and the opinion rendered by Dr. Wahl..." Pl.'s Br. at 9. Plaintiff asserts that the ALJ did not incorporate Dr. Wahl's opinion that plaintiff had difficulties taking criticism in the workplace as directed by the Ninth Circuit, but rather engaged in a new analysis of Dr. Wahl's opinion, which went beyond the direction of the court. Tr. 768. Finally, plaintiff suggests that the ALJ improperly relied on the testimony of a non-examining doctor, Dr. Nance, in finding that plaintiff did not have difficulties taking criticism from supervisors. Tr. 771.

Dr. Wahl opined that plaintiff is "predisposed to oversensitivity and anger in response to criticism in the workplace." Tr. 407, 413. At the hearing on January 8, 2007, in response to a hypothetical posed by plaintif's attorney about accepting criticism in the workplace, the vocational expert (VE) testified that "[i]f your supervisor criticizes you and you act inappropriate, they're not going to tolerate it." Tr. 728. Plaintiff's attorney then followed up by asking if the ability to keep a job would be compromised and the VE testified, "yes." Id.

The ALJ disregarded parts of Dr. Wahl's opinion, noting that a few months before Dr. Wahl's examination, plaintiff alleged in a letter that she did not want to stop working and if she could complete a degree of some sort, she would return to work. Tr. 148. Thus, the ALJ concluded that someone who is incapable of accepting criticism from supervisors would not express disappointment at not working. Df.'s Br. at 8-9. Additionally, the ALJ ruled that she gave Dr. Nance's opinion substantial weight, because Dr. Nance is

9    - OPINION AND ORDER

an "impartial medical expert" and has "knowledge of the Social Security disability rules." Tr. 771. Lastly, the ALJ noted plaintiff's subjective statements in regards to getting along with people, Dr. Wahl's speculation that plaintiff needed therapy, and the fact that plaintiff never testified that she was fired for not dealing well with supervisors. The ALJ thus reasoned that there was no evidence that plaintiff would regularly respond inappropriately to supervision. Tr. 771-772.

An ALJ in social security cases has a duty to determine a claimant's limitations on the basis of "all relevant evidence in the record." Robbins v. Secretary, 466 F.3d 880, 883 (9th Cir. 2006). The ALJ also has a duty to follow a remand order from a higher reviewing body; in this case, the remand order with specific directions from the Ninth Circuit. Ischay, 383 F. Supp. 2d at 1199. Here, I find that the ALJ did not follow the specific instructions ordered by the Ninth Circuit by again failing to incorporate the finding by Dr. Wahl that plaintiff is moderately to markedly limited in her "ability to accept instructions and respond appropriately to criticism from supervisors." Tr. 781. The Ninth Circuit clearly ruled that the prior ALJ decision "improperly ignored" Dr. Wahl's limitation and that it should have been included in plaintiff's RFC. Id. Thus, I agree with plaintiff that the ALJ did not take into consideration this limitation as ordered by the Ninth Circuit in its remand order. Therefore, the ALJ erred in failing to follow the remand order from the higher reviewing authority.

Further, while the ALJ noted that Dr. Nance's opinion conflicted with that of Dr. Wahl's, the ALJ failed to adequately

explain why Dr. Nance's opinion was entitled to controlling weight over Dr. Wahl's. See Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). The assertions by the ALJ that Dr. Nance is impartial and has knowledge of the Social Security rules are neither legitimate nor clear and convincing reasons regarding why the ALJ should give Dr. Nance substantial weight over Dr. Wahl. Therefore, I find that the ALJ did not provide legally sufficient reasons to disregard the opinion of Dr. Wahl and thus violated the Ninth Circuit's remand order.

B. Remand

The final question is whether the case should be remanded for further proceedings or an award of benefits.

"The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985)). Remand is appropriate where further proceedings would resolve defects in the administrative proceedings. However, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Ninth Circuit has posited the following test for determining when an award of benefits is warranted:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting

11   - OPINION AND ORDER

Smolen, 80 F.3d at 1292). In this case, I find that all three factors are met, and that a remand for further proceedings would simply serve to delay the receipt of benefits.

The ALJ failed to follow the specific directions ordered by the Ninth Circuit in its remand order and thus, committed an error of law. Further, the ALJ failed to provide legally sufficient reasons to reject Dr. Wahl's opinion as noted above, and it should be credited as true under these circumstances. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001). Based on the VE's testimony, I find that the record establishes disability under the Act.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

IT IS SO ORDERED.

Dated this 10th day of April, 2015.

_____
Ann Aiken
United States District Judge